IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES BYRD, JR.                                                                                          PLAINTIFF

v.                                         Case No. 6:18-cv-6120

ALLSTATE INSURANCE COMPANY                                                          DEFENDANT

## ORDER

Before the Court is Defendant Allstate Insurance Company's Motion in Limine. (ECF No. 24). Plaintiff James Byrd, Jr. filed a response. (ECF No. 26). Defendant filed a reply. (ECF No. 29). Plaintiff filed a sur-reply. (ECF No. 32). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On October 1, 2018, Plaintiff filed this uninsured motorist breach-of-contract action in the Circuit Court of Garland County, Arkansas. Plaintiff seeks various types of damages, including his alleged "loss of earnings in the past." (ECF No. 3). On November 27, 2018, Defendant removed the case to this Court.

On February 4, 2019, Plaintiff served his mandatory Rule 26(a) initial disclosures on Defendant. (ECF No. 29-1). One component of the initial disclosures required a computation of each category of damages Plaintiff claims, plus production of any non-privileged evidentiary material supporting those damages. Plaintiff's initial disclosures indicated that he had not completed a computation of his claimed damages and that he would supplement with that information in the future.

At some point during discovery, Defendant served Plaintiff with a set of interrogatories and requests for production. Defendant's Interrogatory No. 2 asked for "the dates or duration that [Plaintiff was] unable to work and the total amount of lost wages claimed." (ECF No. 25-1, p. 1).

Plaintiff's response was, "Plaintiff missed approximately 2 weeks of work.  Plaintiff will supplement with documents to help determine the amount of lost wages." (ECF No. 25-1, p. 1). Defendant's Interrogatory No. 15 sought a list of "all damages, losses, or expenses you contend you have occurred since the accident described in the complaint." (ECF No. 25-1, p. 4).  Plaintiff's response was, in relevant part, "Plaintiff lost wages due to the injuries he sustained in the collision. Plaintiff reserves the right to supplement this interrogatory." (ECF No. 25-1, p. 4).

Defendant' Request for Production No. 2 sought "true and correct copies of [Plaintiff's] federal and state income tax returns, together with all schedules and exhibits for the past five tax years." (ECF No. 25-1, p. 1).  Defendant's Request for Production No. 8 alternatively sought an executed "IRS Form 4506, 'Request for Copy of Tax Return.'" (ECF No. 25-1, p. 7). Plaintiff's responses to Defendant's Requests for Production Nos. 2 and 8 were, "Plaintiff will supplement." (ECF No. 25-10, pp. 2, 7).  However, Plaintiff did not provide any supplement to Defendant's Interrogatory Nos. 2 and 15 and Requests for Production Nos. 2 and 8.  On November 9, 2019, this case's discovery deadline passed.

On April 16, 2020, Defendant filed the instant motion in limine.  Defendant asks the Court to prohibit Plaintiff from offering evidence at trial of his past lost earnings because he failed to supplement his responses to Defendant's Interrogatory Nos. 2 and 15 and Requests for Production Nos. 2 and 8 before the discovery period ended.  Defendant also asks that the Court bar Plaintiff from introducing any evidence of wage loss, lost profits, and loss of earnings because he has not produced evidence from which a jury could reasonably calculate those damages.  Plaintiff opposes the motion.

## II. DISCUSSION

The term "motion in limine" refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United*

*States*, 469 U.S. 38, 40 n.2. (1984). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4. This comports with the well-established rule that a "court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d).

"[E]vidence may be excluded on a motion in limine only when the evidence is inadmissible on all potential grounds." *BLB Aviation S.C., LLC v. Jet Linx Aviation LLC*, No. 8:10CV42, 2012 WL 297102, at *1 (D. Neb. Feb. 1, 2012). The movant bears the burden of showing that the challenged evidence is inadmissible. *Id.* Trial courts have broad discretion when ruling on motions in limine. *See Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008).

Defendant makes two requests in the instant motion in limine: (1) that the Court prohibit evidence of Plaintiff's past lost earnings at trial pursuant to Federal Rule of Civil Procedure 37 and (2) that the Court prohibit Plaintiff from offering any evidence of wage loss, lost profits, and loss of earnings because of a lack of evidence as to those damages. As discussed below, the Court need only address the first component of Defendant's motion.

Defendant contends that Plaintiff should not be allowed to offer evidence at trial of his past lost earnings. Defendant argues that any such evidence should be excluded as a discovery sanction under Federal Rule of Civil Procedure 37 because Plaintiff failed to supplement his responses to Defendant's Interrogatory Nos. 2 and 15 and Requests for Production Nos. 2 and 8, thereby depriving Defendant of an opportunity to conduct follow-up discovery on past lost earnings.

The purpose of discovery "is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968). To this end, parties must make initial disclosures, including a computation of all types of damages, and must supplement their initial disclosures when they learn of new information. Fed. R. Civ. P.

3

26(a)(1)(A)(iii); *Janvrin v. Cont'l Res., Inc.*, No. 4:14-cv-4124, 2016 WL 4574665, at *1 (D.S.D. Sept. 1, 2016). If a party fails to timely disclose information contemplated by Rules 26(a) and (e), the Court may exclude the undisclosed information unless the party's failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In determining whether to exclude undisclosed information, courts consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

The instant motion largely concerns Plaintiff's failure to supplement his responses to Defendant's Interrogatory Nos. 2 and 15 and Requests for Production Nos. 2 and 8, as required by Federal Rule of Civil Procedure 26(e). Plaintiff concedes that he failed to supplement and appears to concede that he should not be allowed to present documentary evidence of past lost earnings. However, he argues that he should still be allowed to testify as to his past lost earnings.

The Court need not determine the question of whether Plaintiff's failure to supplement his responses to Defendant's discovery requests justifies exclusion of evidence of past lost earnings. Instead, a larger deficiency operates to bar any such evidence. The instant motion was accompanied by Defendant's discovery requests that are at issue, along with Plaintiff's responses thereto. In reviewing these documents, the Court noticed that Plaintiff did not provide a computation of his alleged past lost earnings in response to Defendant's request for that information. The Court asked Defendant to file a reply brief discussing, *inter alia*, whether Plaintiff ever provided a computation of his alleged past lost earnings. Defendant replied that Plaintiff has never provided such a computation. Defendant provides Plaintiff's Rule 26(a) initial disclosures as evidence of this. In the interest of fairness, the Court then allowed Plaintiff to file

4

a sur-reply and, perhaps tellingly, Plaintiff did not dispute the assertion that he has never provided Defendant with a computation of his alleged past lost earnings.

Regardless of whether Plaintiff failed to timely respond to Defendant's discovery requests, it seems undisputed that he did not comply with his mandatory disclosure duties under Rule 26(a). As stated above, Plaintiff was required to disclose the calculation of his damages for past lost earnings in his initial disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring as part of the initial disclosures "a computation of each category of damages claimed by the disclosing party."). Furthermore, Plaintiff was required to supplement his disclosures "in a timely manner if [he] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to [Defendant] during the discovery process."  Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff made clear in his initial disclosures and discovery responses that he was aware that he had not provided a past lost earnings computation, as he expressly stated that he intended to supplement with that information in the future.  However, Plaintiff has never given Defendant a computation of his alleged past lost earnings.  Thus, he failed to disclose or supplement his past lost earnings damage computation, in violation of Rules 26(a) and 26(e).  This means that evidence of his claimed past lost earnings must be excluded unless the nondisclosure was either substantially justifiable or harmless.  Fed. R. Civ. P. 37(c)(1).  Plaintiff offers no explanation for his nondisclosure, so the Court finds that the nondisclosure is not substantially justified.  Defendant is prejudiced by the nondisclosure because the discovery period has ended, and trial is set to begin in July 2020.  Defendant still apparently has no idea of the amount of damages that Plaintiff seeks for past lost earnings.  The Court does not see a way to cure the prejudice to Defendant, other than continuing the trial and re-opening discovery, which would unnecessarily delay this case, burden

5

the Court's docket, and tax judicial resources. Past lost earnings are of importance to the amount of total liability in this case, but exclusion of such evidence would not be fatal to the merits of Plaintiff's case. Accordingly, the Court concludes that Plaintiff's failure to disclose a computation of past lost earnings was neither substantially justified nor harmless, and any evidence supporting his alleged past lost earnings must be excluded.[1] Fed. R. Civ. P. 37(c)(1); *US Salt, Inc. v. Broken Arrow, Inc.*, No. CIV. 07-1988 RKH/JSM, 2008 WL 2277602, at *5 (D. Minn. May 30, 2008) (excluding all evidence supporting an untimely disclosed computation of damages), *aff'd*, 563 F.3d 687 (8th Cir. 2009).

### III.  CONCLUSION

For the above-stated reasons, Defendant's Motion in Limine (ECF No. 24) is hereby **GRANTED**. Plaintiff may not seek past lost earnings at trial or offer evidence for that purpose.

**IT IS SO ORDERED**, this 15th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Plaintiff argues that he should at least be allowed to present his own testimony as evidence of his past lost earnings and cites Arkansas state court cases for that proposition. Plaintiff is correct that Arkansas courts have ruled that oral testimony is sufficient evidence to make a *prima facie* case for past lost earnings, but Plaintiff does not cite any authority dealing with a violation of Rules 26(a) and (e) or involving exclusion of evidence under Rule 37. Accordingly, the Court finds this argument and the authority cited in support to be unpersuasive.